IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KELLI D. JONES, SHALA J. PEREZ-TRUMBO, and CYNTHIA MARTINEZ, ) ) ) **Plaintiffs,** ) ) ) v. ) ) WICHITA STATE UNIVERSITY and PAUL ) DOTSON, individually and in his official capacity ) as Chief of the Wichita State University Police ) Department, ) ) **Defendants.** ) _____) | **CIVIL ACTION** **No. 06-2131-KHV** |

## MEMORANDUM AND ORDER

Kelli D. Jones, Shala J. Perez-Trumbo and Cynthia Martinez filed suit against Wichita State University and Paul Dotson, Chief of the Wichita State University Police Department, alleging sexual harassment and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1983. Plaintiffs also assert state law claims of negligence and outrage. This matter is before the Court on defendants' partial Motion To Dismiss (Doc. #26) filed January 12, 2007. For reasons stated below, the Court sustains defendants' motion.

### Legal Standards

Defendants seek to dismiss plaintiffs' claims under Rule 12(b)(1), Fed. R. Civ. P., for lack of subject matter jurisdiction, and under Rule 12(b)(6), Fed. R. Civ. P., for failure to state a claim. Rule 12(b)(1) motions generally take the form of facial attacks on the complaint or factual attacks on the accuracy of its allegations. Holt v. United States, 46 F.3d 1000, 1002-03 (10th Cir. 1995) (citing Ohio Nat'l Life Ins. Co. v. United States, 922 F.2d 320, 325 (6th Cir. 1990)). As to its motion to dismiss

under Rule 12(b)(1), defendant challenges the face of the complaint, so the Court presumes the accuracy of plaintiffs' factual allegations and does not consider evidence outside the complaint. Id.

Courts may exercise jurisdiction only when specifically authorized to do so, see Castaneda v. INS, 23 F.3d 1576, 1580 (10th Cir. 1994), and must "dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking," Scheideman v. Shawnee County Bd. of County Comm'rs, 895 F. Supp. 279, 280 (D. Kan. 1995) (citing Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974)); Fed. R. Civ. P. 12(h)(3). Because federal courts are courts of limited jurisdiction, the law imposes a presumption against jurisdiction. Marcus v. Kan. Dep't of Revenue, 170 F.3d 1305, 1309 (10th Cir. 1999). Plaintiff bears the burden of showing that jurisdiction is proper, see id., and must demonstrate that the case should not be dismissed, see Jensen v. Johnson County Youth Baseball League, 838 F. Supp. 1437, 1439-40 (D. Kan. 1993). Conclusory allegations of jurisdiction are not enough. Id.

A Rule 12(b)(6) motion should not be granted unless it appears beyond doubt that plaintiffs can prove no set of facts in support of their claims which would entitle them to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997). The Court accepts as true all well-pleaded factual allegations in the complaint and draws all reasonable inferences from those facts in favor of plaintiffs. See Shaw v. Valdez, 819 F.2d 965, 968 (10th Cir. 1987). In reviewing the sufficiency of plaintiffs' complaint, the issue is not whether plaintiffs will prevail, but whether they are entitled to offer evidence to support their claims. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Although plaintiffs need not precisely state each element of their claims, they must plead minimal factual allegations on those material elements that must be proved. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

**Factual Background**

Plaintiffs' second amended complaint (Doc. #11) alleges the following facts:

Kelli D. Jones and Shala J. Perez-Trumbo are former employees of the Wichita State University Police Department ("Wichita State"). Jones worked as a police officer and Perez-Trumbo worked as a safety and security officer. Cynthia Martinez currently works as a police officer for Wichita State. Male police officers and employees continuously sexually harassed Jones, Perez-Trumbo and Martinez. Despite repeated complaints, Wichita State and Paul Dotson, Chief of Police at Wichita State, ignored the harassment and made excuses for the behavior of male employees.

On April 8, 2006, plaintiffs filed suit against Wichita State and Dotson, alleging sexual harassment and retaliation in violation of Title VII, violation of plaintiffs' constitutional rights pursuant to 42 U.S.C. § 1983, negligence and outrage.

**Analysis**

Defendants argue that (1) Wichita State and Dotson in his official capacity are entitled to Eleventh Amendment immunity as to plaintiffs' Section 1983 and state law negligence claims; (2) Wichita State and Dotson in his official capacity are not "persons" under Section 1983; and (3) plaintiffs cannot maintain an independent negligence claim based on employee harassment and/or retaliation.[1]

---

[1] Defendants also argue that the Court should dismiss plaintiffs' Title VII and outrage claims against Dotson. Plaintiffs state that they did not intend to assert either claim. See Plaintiffs' Response To Defendants' Motion To Dismiss (Doc. #30) filed February 5, 2007 at 7-9. For this reason and substantially the reasons in the Memorandum In Support Of Defendants' Motion To Dismiss (Doc. #27), the Court sustains defendants' motion on these claims.

## I.     Eleventh Amendment Immunity

The Eleventh Amendment doctrine of sovereign immunity bars actions for damages against a State, its agencies and its officials acting in their official capacities. See Kentucky v. Graham, 473 U.S. 159, 165-67 (1985); Ambus v. Granite Bd. of Educ., 995 F.2d 992, 994 (10th Cir. 1993) (Eleventh Amendment immunity extends to agencies that act as arms of State). Universities established by the State of Kansas and governed by the Kansas Board of Regents function as alter egos of the State and share its Eleventh Amendment immunity. Brennan v. Univ. of Kan., 451 F.2d 1287, 1290-91 (10th Cir. 1971); Billings v. Wichita State Univ., 557 F. Supp. 1348, 1350 (D. Kan. 1983). The bar, however, is not absolute; States may consent to be sued in federal court and Congress may abrogate their sovereign immunity. See Port Auth. Trans-Hudson Corp. v. Feeney, 495 U.S. 299, 304 (1990).

Wichita State is an agency of the State of Kansas. K.S.A. § 76-711(a); K.S.A. § 76-712. The Eleventh Amendment prohibits plaintiff from maintaining suit against Wichita State in federal court under 42 U.S.C. § 1983. See Young v. Univ. of Kan. Med. Ctr., No. 96-2390-KHV, 1997 WL 150051, at *1 (D. Kan. Feb. 26, 1997); Baker v. Bd. of Regents of State of Kan., 721 F. Supp. 270, 274 (D. Kan. 1989). The Court therefore lacks subject matter jurisdiction over plaintiff's Section 1983 claim. Plaintiff's state law claim of negligence is similarly barred. Mascheroni v. Bd. of Regents, 28 F.3d 1554, 1559-60 (10th Cir. 1994) (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 121 (1984)).

Plaintiff argues that the State of Kansas has expressly consented to suit under K.S.A. § 75-6103 of the Kansas Tort Claims Act ("KTCA"), which states that a governmental entity is liable for "damages caused by the negligent or wrongful act or omission of any of its employees while acting within the scope of their employment under circumstances where the governmental entity, if a private person, would be liable

-4-

under the laws of this state." The KTCA, however, also states that "[n]othing in this section or in the [KTCA] shall be construed as a waiver by the state of Kansas of immunity from suit under the 11th amendment to the constitution of the United States." K.S.A. § 75-6116(g). By enacting the KTCA, the Kansas legislature has not waived Eleventh Amendment immunity from suit in federal court. See Myers v. Supreme Court of State of Kan., No. 05-4077-JAR, 2006 WL 276399, at *4 (D. Kan. Feb. 1, 2006); Haynes v. Attorney Gen. of Kan., No. 03-4209-RDR, 2005 WL 946522, at *3 (D. Kan. Feb. 23, 2005); Hamrick v. Farmers Alliance Mut. Ins. Co., No. 03-4209-JAR, 2004 WL 955273, at *7 (D. Kan. Apr. 27, 2004); Klein v. Univ. of Kan. Med. Ctr., 975 F. Supp. 1408, 1416 (D. Kan. 1997); Ndefru v. Kan. State Univ., 814 F. Supp. 54, 55 (D. Kan. 1993); Baker, 721 F. Supp. at 274.

The fact that plaintiffs seek non-prospective injunctive relief in addition to monetary damages on the Section 1983 and negligence claims does not alter the availability of Eleventh Amendment immunity.[2] See Seminole Tribe v. Florida, 517 U.S. 44, 58 (1996). Accordingly, the Court dismisses plaintiffs' Section 1983 and negligence claims against Wichita State and Dotson in his official capacity because they are immune from suit under the Eleventh Amendment.[3]

---

[2] Plaintiff does not invoke Ex parte Young, 209 U.S. 123 (1908) or its progeny. See Plaintiffs' Response To Defendants' Motion To Dismiss (Doc. #30) at 3.

[3] Defendants also correctly note that plaintiffs' Section 1983 claim against Wichita State and Dotson in his official capacity should be dismissed because they are not "persons" under Section 1983. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 64 (1989) (state agencies not "persons" amenable to suit within meaning of Section 1983); Goldbarth v. Kan. State Bd. of Regents, 269 Kan. 881, 887, 9 P.3d 1251, 1256 (2000) (Wichita State and Board of Regents are state agencies and therefore not "persons" under Section 1983); Coleman v. Univ. of Kan. Med. Ctr., No. 96-2304-GTV, 1997 WL 457733, at *2 (D. Kan. July 9, 1997) (state university not "person" under Section 1983).

Plaintiffs argue that they "do not contend that the Defendant, Wichita State University, is not a state agency. In fact, the Plaintiffs contend that the State University is a municipality." Plaintiffs' Response To
(continued...)

## II. Negligence Claims Against Wichita State And Dotson

Count VI alleges that defendants had a duty of care to plaintiffs "to avoid causing the plaintiffs any distress at the hands of the defendants' male police officers and staff members." Second Amended Complaint (Doc. #11) ¶ 40. Count VI further alleges that under "statute and the common law theory of respondeat superior," defendants are responsible for harm that male police officers and staff members inflicted on plaintiffs. Id.

Kansas recognizes a cause of action for negligent retention or supervision of an incompetent employee. See Plains Res., Inc. v. Gable, 235 Kan. 580, 590-91, 682 P.2d 653, 662 (1984). Under this doctrine, "[a] master may be liable for injuries to a third person which are the direct result of the incompetence or unfitness of his servant where the master was negligent in employing the servant or in retaining him in employment when the master knew or should have known of such incompetence or unfitness of the servant." Id.; see Thies v. Cooper, 243 Kan. 149, 155-56, 753 P.2d 1280, 1285 (1988). Count VI appears to allege that defendants breached their duty to refrain from hiring or retaining employees who were known to have engaged in harassment.

Kansas law permits third party non-employees to bring claims against an employer for negligent hiring, supervision and retention. See Farris v. Bd. of County Comm'rs, 924 F. Supp. 1041, 1051 (D.

---

³(...continued)
Defendants' Motion To Dismiss (Doc. #30) at 4. Plaintiffs note that the complaint specifically alleges that Wichita State University is "a municipal University organized by the laws of the United States of America and K.S.A. 13-13a03." Second Amended Complaint (Doc. #11) ¶ 7. As best the Court can ascertain, plaintiffs concede that Wichita State University is a state agency, but maintain that it is also a municipality subject to liability under Section 1983. The Court need not reach this issue because Wichita State is immune from suit under the Eleventh Amendment.

Kan. 1996). In Farris, however, this Court concluded that when plaintiff was an employee who complained of tortious activities by a fellow employee, the Kansas Supreme Court would not recognize a claim for negligent hiring, supervision or retention. 924 F. Supp. at 1051. Similarly, this Court has held that Kansas "would not recognize an independent tort claim for negligent supervision or retention in the ordinary employment discrimination case." Ellis v. Osco Drug, Inc., No. 95-1101, 1996 WL 432382, at *3 (D. Kan. July 8, 1996); see also Day v. Excel Corp., No. 94-1439, 1996 WL 294341, at *14 (D. Kan. May 17, 1996). In these cases the Court noted that such claims are not permitted in wrongful termination or retaliatory discharge cases and that claims for negligent supervision are precluded where adequate state or federal statutory remedies are available. See Ellis, 1996 WL 432382, at *3 (citing Schweitzer-Reschke v. Avnet, Inc., 874 F. Supp. 1187 (D. Kan. 1995)); see also Hunter v. Duckwall-Alco Stores, Inc., No. 00-2476-KHV, 2001 WL 533198, at *3 (D. Kan. Apr. 3, 2001) (while Kansas Supreme Court has not addressed issue, this Court has repeatedly held claim for negligent hiring, supervision or retention not available in employment discrimination case where plaintiff also seeks relief under Title VII and KAAD, which afford adequate remedies).

Here, plaintiffs allege that defendants had a duty to prevent male employees from inflicting distress on them, and that defendants breached their duty because they violated a statutory duty (presumably under Title VII). Because statutes such as Title VII provide a specific means of enforcing legal duties unknown at common law, the remedies under these statutes are exclusive. Henry v. Kemp, 829 P.2d 505, 506 (Colo. Ct. App. 1992); see Hunter, 2001 WL 533198, at *3; Ellis, 1996 WL 432382, at *3; Houston v. Mile High Adventist Acad., 846 F. Supp. 1449, 1457 (D. Colo. 1994); see also Hays v. Patton-Tully Transp. Co., 844 F. Supp. 1221, 1223 (W.D. Tenn. 1993) (negligent supervision claim cannot be based

solely upon underlying claim of sexual harassment per se, because effect would be to impose liability on employers for failing to prevent harm not cognizable under common law; sexual harassment, however, may include misconduct by co-employee that is independently actionable under common law, such as battery or intentional infliction of emotional distress). The Court therefore dismisses plaintiffs' negligence claim against both defendants.

**IT IS THEREFORE ORDERED** that defendant's partial Motion To Dismiss (Doc. #26) filed January 12, 2007 be and hereby is **SUSTAINED.** The Court dismisses Counts I, II, V and VI of plaintiffs' Second Amended Complaint (Doc. #11) against Paul Dotson. The Court dismisses Counts III and VI of plaintiffs' Second Amended Complaint (Doc. #11) against Wichita State University. The following claims against Wichita State University remain for trial: Count I (sexual harassment under Title VII), Count II (retaliation under Title VII) and Count V (intentional infliction of emotional distress). Count IV against Paul Dotson (Section 1983) remains for trial.

Dated this 28th day of March, 2007 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge